FILED IN MY OFFICE
DISTRICT COURT CLERK
1/15/2016 12:03:50 PM
James A. Noel
Christina Villa

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT

PAUL HUNT,

       Plaintiff,

vs.                                NO. D-202-CV-2016-00143

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO;
SCOTT CARROLL, M.D., in his individual and official capacities;
JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE
FOR STUDENT PROMOTION AND EVALUATION, in their individual
and official capacities;
TERESA A. VIGIL, M.D., in her individual and official capacities;
PAUL ROTH, M.D., in his individual and official capacities,

       Defendants.

### FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff seeks damages under 42 USC §1983, attorneys' fees under 42 USC §1988 for violations of his rights under the First and Fourteenth Amendments to the United States Constitution, declaratory relief pursuant to NMSA §41-6-1 *et seq.* and 28 U.S.C. §2201, and prospective injunctive relief.

### INTRODUCTION

Plaintiff is a medical student at the University of New Mexico School of Medicine. Following the presidential election in November, 2012, Plaintiff posted on his personal Facebook page a statement critical of President Obama's re-election, critical of the Republican party, and critical of abortion. The Facebook post was not addressed to any individual. Rather, it was addressed "To all of you who support the Democratic candidates." The post contained no

**EXHIBIT
A**

references to the University or to the Medical School.  In the post, the author did not identify himself as having any connection to the University or to the Medical School.  The post contained no threats.  This post was inherently political speech, protected by the First Amendment.

The post, which was six paragraphs long, contained three words which sometimes are referred to as "expletive deleted." Plaintiff's private Facebook post criticizing President Obama's re-election, criticizing the Republican party, and comparing abortion to genocide, did not violate Facebook's policies, did not violate UNM's Social Media Policy, nor UNM's Respectful Campus policy.

An anonymous person evidently complained about the Facebook post to a School of Medicine faculty member, Eve Espey, M.D., who referred the matter to the School of Medicine's Committee for Student Promotion and Evaluation (CSPE).  That committee took steps to "correct" Plaintiff by threatening him with expulsion from the School of Medicine unless he re-wrote the Facebook post to its satisfaction, and unless he agreed to participate in a "personalized academic prescription (professionalism enhancement program) that is currently under development."  Under the threat of being expelled from the School of Medicine, Plaintiff did everything which CSPE required.  However, after jumping through every hoop which CSPE required, Plaintiff's permanent academic record at the School of Medicine still contains negative references associated with the Facebook matter.  These negative references have tainted and will probably jeopardize Plaintiff's acceptance into a preferred residency program upon graduation from the School of Medicine. Additionally, CSPE indicated that if Plaintiff engages in similar behavior in the future, he can be expelled.

Compounding the harms caused to Plaintiff, Defendants Regents, CSPE members, and Carroll did not inform Plaintiff that he had the right to be represented during the CSPE hearing,

or at any time thereafter.  Consequently, Plaintiff was not represented at the hearing, or at any

time thereafter.  Upon information and belief, Defendants had a policy forbidding persons such

as Plaintiff from being represented during such hearings, or thereafter.

Plaintiff seeks the following relief for this conduct and his injuries:

1)      Defendants Regents, CSPE members, and Carroll must acknowledge that they

violated Plaintiff's rights under the First and Fourteenth Amendments to the United States

Constitution;

2)      All references to the Facebook matter must be removed from Plaintiff's

permanent file;

3)      Plaintiff must be compensated for the violations of his rights under the

Constitution; and

4)      Plaintiff wants Defendants Regents, CSPE members, and Carroll to pay his

attorneys fees and his litigation expenses.

## PARTIES

1.      Plaintiff is a resident of Bernalillo County, New Mexico.  At all times material to

the allegations in the Complaint he has been a student at the University of New Mexico School

of Medicine.

2.      The Board of Regents of the University of New Mexico is the governing body of

the University of New Mexico.  It is a public employer, a body corporate, and pursuant to

N.M.S.A. (1978) §21-7-3, is responsible for management and control of UNM, and has the

authority to sue and be sued.  The Board of Regents is the moving force behind the violations of

Plaintiff's Constitutional rights.

3

3.    Unnamed members (John and/or Jane Does) of the Committee for Student Promotion and Evaluation (CSPE members) are University of New Mexico School of Medicine faculty who sat on CSPE from November, 2012 to the present who voted to censor Plaintiff's Facebook post, who voted to reject Plaintiff's written submissions, and who voted to impose penalties on Plaintiff for having exercised his right to free speech under the First and Fourteenth Amendments to the United States Constitution.  Upon information and belief, the CSPE meeting audio tapes routinely are destroyed after each meeting, and because the minutes of each meeting do not reflect how each CSPE member voted, the identities of the CSPE members who violated Plaintiff's rights will have to be identified during discovery.

4.    Scott Carroll, M.D. is a faculty member of the UNM School of Medicine.  Dr. Carroll was chair of The Committee for Student Promotion and Evaluation (CSPE) when Plaintiff posted his comments on Facebook.  Upon information and belief, Dr. Carroll is the person who coordinated the CSPE investigation and prosecution of Plaintiff, and is one of the faculty members who participated in violating Plaintiff's rights under the Constitution.

5.    Teresa A. Vigil, M.D. is a faculty member of the UNM School of Medicine.  She currently is the interim chair of CSPE.  Upon information and belief, Dr. Vigil, as Interim Chair of CSPE, has the authority to recommend to the Dean of the Medical School, Paul Roth M.D., that all references to the Facebook matter be removed from Plaintiff's academic file.  Dr. Vigil is named in this lawsuit because she has the ability to provide prospective injunctive relief for Plaintiff.  Pursuant to Tenth Circuit Court case law, the person(s) who have the authority to grant prospective injunctive relief must be named in the Complaint.

6.    Paul Roth, M.D., is the Dean of the UNM School of Medicine.  Upon information and belief, he has the ultimate authority to remove all references to the Facebook matter from

Plaintiff's academic record.   Dr. Roth is named in this lawsuit because he has the ability to provide prospective injunctive relief for Plaintiff.   Pursuant to Tenth Circuit Court case law, the person(s) who have the authority to grant prospective injunctive relief must be named in the Complaint.

## JURISDICTION and VENUE

7.     This Court has jurisdiction pursuant to 42 USC §1983 and 28 U.S.C. §2201.

8.     Plaintiff and Defendants reside or are located in Bernalillo County, New Mexico, making venue proper in this Court.

## FACTS COMMON TO ALL CLAIMS

9.     At all times material to the allegations in the Complaint, Plaintiff has been a medical student enrolled in the University of New Mexico School of Medicine.   He currently is on a leave of absence.

10.     Following the general election in November, 2012, Plaintiff posted on his personal Facebook account a post which was critical of President Obama's re-election, critical of the Republican Party, and critical of abortion.

11.     The Facebook post contained no references of any sort to the University of New Mexico, nor any references to the School of Medicine.   Plaintiff did not identify himself as a student in the School of Medicine.   The Facebook post was not directed to any individual.   The Facebook post did not contemplate, much less threaten, any action.   The Facebook post did not violate any written policy of the University of New Mexico or of the School of Medicine.   However, even if it did, it was protected speech under the First Amendment to the United States Constitution.

12.    Someone, presently unidentified, read the Facebook post and reported it to Eve Espey, M.D., a member of the School of Medicine faculty.  Dr. Espey referred Plaintiff to CSPE.

13.    On November 15, 2012, Scott Carroll, M.D., Chair of CSPE, informed Plaintiff that "Dr. Espy" [sic] had "formally referred [Plaintiff] to the Committee for Student Performance [sic] and Evaluation."

14.    Five days later, on November 20, 2012, CSPE met to consider the allegations against Plaintiff.   Plaintiff was not represented by counsel, or by any other person. Upon information and belief, CSPE did not allow students to be represented by counsel or by anyone else during such hearings.

15.    Upon information and belief, this was the first time CSPE had met for any reason related to social media or the respectful campus policy.  Upon information and belief, CSPE had no written guidelines about how to consider and evaluate an alleged violation of the University's social media policy or respectful campus policy.

16.    On January 24, 2013, Dr. Carroll, as chair of CSPE, notified Plaintiff in writing that "the committee substantiated that your Facebook post was in fact unprofessional conduct due to violations of the UNM Respectful Campus Policy (2240) and the UNM School of Medicine Social Media Policy."

17.    On January 24, 2013, Dr. Carroll notified Plaintiff that "instead of dismissing you from the school of medicine, the committee has chosen to impose a professionalism enhancement prescription composed of two components: an ethic component and a professionalism component, each with its own mentor."

18.     On January 24, 2013, Dr. Carroll notified Plaintiff that, "In addition, CSPE also voted to require notation of your professionalism violation in your Dean's Recommendation Letter provided to residency training programs."

19.     In March, 2013, pursuant to the mandate from CSPE, Plaintiff consulted with Timothy Nelson, M.D., a school of medicine faculty member, to write his apology letter.  Dr. Nelson approved the apology letter for submission to CSPE.

20.     On April 16, 2013, CSPE members rejected the apology letter which had been approved by Dr. Nelson.

21.     On April 17, 2013, Dr. Carroll mandated that Plaintiff meet with Sally Fortner, M.D., a school of medicine faculty member, to re-write the apology letter.

22.     On July 10, 2013, Dr. Carroll informed Plaintiff that CSPE members had accepted this re-written version of the apology letter.

23.     As part of the continuing punishment and "re-education" of Plaintiff, he was also required to meet with Timothy Nelson, M.D. to write a paper on the "public expression of political beliefs by physicians."  Plaintiff submitted the paper to Dr. Carroll, who rejected it. Plaintiff re-wrote the paper, and CSPE members accepted it.

24.     In November, 2013, CSPE required Plaintiff to re-write the Facebook post in a way which CSPE members would find acceptable.  Plaintiff met with Timothy Nelson, M.D., and Sheila Hickey, M.D., the associate dean of students, to re-write the Facebook post.  Dr. Hickey and Dr. Nelson approved the re-write.  CSPE members rejected the re-write.

25.     On April 22, 2014, Dr. Carroll notified Plaintiff that CSPE members accepted a re-written version of the re-write.

26.     On April 22, 2014, CSPE members voted that Plaintiff's "professionalism enhancement prescription" had been completed.

27.     On April 22, 2014, Dr. Carroll told Plaintiff not to petition CSPE to remove the Facebook incident from his academic record until he had completed Phase II of medical school, which Plaintiff expects will occur on or about April 30, 2017.

28.     All of the actions of CSPE members and Dr. Carroll were explicitly or implicitly authorized by the Board of Regents.  All of CSPE members' and Dr. Carroll's powers with respect to the allegations in this Complaint derive from the Board of Regents, and were consistent with its unwritten policy to punish and "re-educate" students whose political expression is disfavored.

## COUNT I

### CLAIM UNDER 42 USC §1983
### FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

29.     Plaintiff incorporates by reference all preceding allegations.

30.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were done under color of federal law, statute, or authority.

31.     The First Amendment protects Plaintiff's right to speak and publish about matters of general and public interest.

32.     Criticisms concerning President Obama's re-election, the Republican Party, and abortion, involve matters of general and public interest, as distinguished from private and personal concerns.

33.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. deprived Plaintiff of his First Amendment rights by threatening him with expulsion from the School of

Medicine for posting on Facebook his criticisms of President Obama's re-election, the Republican Party, and abortion. Dr. Espey warned Plaintiff not to defend himself before the CSPE, and threatened that she could make things very difficult for Plaintiff if he disregarded her warning.

34.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. deprived Plaintiff of his First Amendment rights by threatening him, and requiring him to participate in an 18-month program of "re-education," or face expulsion from the School of Medicine.

35.     The Board of Regents delegated to CSPE and to Dr. Carroll, as CSPE's chair, unbridled discretion to decide how to punish and "re-educate" Plaintiff, and how long the process would take.  The fact that CSPE members rejected "re-writes" which had been vetted and approved by School of Medicine faculty demonstrates that CSPE had no standards, other than arbitrary and capricious standards which no reasonable person could know in advance. Plaintiff was "re-educated" in twenty-one separate meetings with School of Medicine faculty.

36.     The "black mark" which hangs over Plaintiff, in the form of negative references in his academic record and in the Dean's Recommendation Letter, is meant to inhibit Plaintiff from exercising his rights under the First Amendment. Moreover, the continued threat of expulsion should Plaintiff voice opinions in a manner which Defendants disagree with, has the effect of chilling his First Amendment rights.

37.     Dr. Carroll's "advice" to Plaintiff that he not seek to challenge the "black mark" until he had completed Phase II of medical school is meant to inhibit Plaintiff from exercising his rights under the First Amendment and otherwise chill his First Amendment rights.

## COUNT II

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH – VIEWPOINT DISCRIMINATION
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

38.     Plaintiff incorporates by reference all preceding allegations.

39.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

40.     The First Amendment protects the right to speak and publish about matters of general and public concern.

41.     Criticisms concerning President Obama's re-election, the Republican Party, and abortion, involve matters of general and public interest, as distinguished from private and personal concerns.

42.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. took the actions described above because of the content of Plaintiff's protected speech.

43.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were not narrowly drawn to effectuate a substantial or compelling government interest.

44.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s conduct violated Plaintiff's rights as secured by the First and Fourteenth Amendments to the United States Constitution.

## COUNT III

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH – RETALIATION
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

45.     Plaintiff incorporates by reference all preceding allegations.

46.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

47.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions caused Plaintiff to suffer injuries that would chill a person of ordinary firmness from continuing to engage in the protected activities.

48.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were substantially motivated by their desire to prohibit Plaintiff from exercising his constitutionally protected rights and activities. Such conduct was retaliatory in nature because it required Plaintiff to alter his speech to meet Defendants' mandates, and chilled Plaintiff from exercising his First Amendment rights under threat of potential future expulsion.

49.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s conduct violated Plaintiff's rights as secured by the First and Fourteenth Amendments to the United States Constitution.

## COUNT IV

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS [Board of Regents, CSPE members, and Scott Carroll, M.D.]

50.     Plaintiff incorporates by reference all preceding allegations.

51.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

52.     Plaintiff's First Amendment rights are a liberty interest protected by the Fourteenth Amendment.

53.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. failed to provide any guidelines as to appropriate standards for the hearing, or for the sanctions which were imposed on Plaintiff.  In effect, Defendants were "making it up as they went along."

11

54.     Plaintiff did not know what standards would be used with respect to the November 20, 2012 hearing.  Plaintiff was not informed he was entitled to be represented at the hearing.  Plaintiff's Fourteenth Amendment due process rights were violated because he was subjected to arbitrary and capricious government action, without notice of what standards were in effect, or that he had the right to be represented by counsel or by some other person.  The policies Plaintiff was accused of violating were vague, and contained no notice of the consequences of violating the policies.

55.     Upon information and belief, the November 20, 2012 hearing was audio recorded, but the recording was destroyed pursuant to Board of Regents policy.

56.     Because Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. violated Plaintiff's First and Fourteenth Amendment rights, Plaintiff is entitled to an injunction ordering these Defendants from further implementing their illegal sanctions against Plaintiff.

**COUNT V**

**CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**
**[Board of Regents, Teresa Vigil, M.D., and Paul Roth, M.D.]**

57.     Because of the continuing violations of Plaintiff's rights under the First and Fourteenth Amendments, Plaintiff seeks an order of this court declaring his rights under the First and Fourteenth Amendments have been violated, and requests an order of this court instructing Defendant Vigil, as the current interim chair of CSPE, to recommend to the Dean of the School of Medicine, Paul Roth, M.D., that all references to the Facebook matter be removed from Plaintiff's permanent record, including the Dean's recommendation letter.  Plaintiff also requests an order of this court instructing Dean Roth to remove, or cause to be removed, all references to the Facebook matter from Plaintiff's permanent record, and from the Dean's recommendation letter, and from any other document and file where such references may be kept.

## COUNT VI

## CLAIM FOR PUNITIVE DAMAGES
### [CSPE members and Scott Carroll, M.D.]

58.     Plaintiff incorporates by reference all preceding allegations.

59.     Defendants CSPE members and Carroll's actions were arbitrary, capricious, wanton, willful, malicious, reckless, and oppressive, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

Plaintiff seeks damages pursuant to 42 USC §1983 for the violations of his rights under the First and Fourteenth Amendments.  Plaintiff seeks punitive damages.  Plaintiff also seeks attorneys' fees pursuant to 42 USC §1988, for costs of this action, and for such other relief as the Court may deem just.

THE BAKER LAW GROUP

By: */s/ Jeffrey L. Baker*
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Suite 402 NW
Albuquerque, NM 87102
Telephone:  (505) 247-1855
Facsimile:  (505)766-9113
Email:  jeff@bzjustice.com
renni@bzjustice.com

*Attorneys for Plaintiff*