# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2016-00143

| Paul Hunt v. Board of Regents of the University of NM, et al. | § § § § § § | Case Type: | Other |
|---|---|---|---|
| | | Date Filed: | 01/06/2016 |
| | | Location: | Bernalillo County |
| | | Judicial Officer: | Lopez, Victor S. |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Board of Regents of the University of NM | |
| Defendant | Carroll, Scott, MD | |
| Defendant | Doe, Jane | |
| Defendant | Doe, John | |
| Defendant | Roth, Paul, MD | |
| Defendant | Vigil, Teresa A, MD | |
| Plaintiff | Hunt, Paul | Jeffrey Lewis Baker<br>*Retained*<br>505-247-1855(W) |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| | |
|---|---|
| 04/08/2016 | **Transferred** (Judicial Officer: Lopez, Victor S.)<br>Comment () |

**OTHER EVENTS AND HEARINGS**

| 01/06/2016 | **Cause Of Actions**   Other | | |
|---|---|---|---|
| | Action Type   Action | | |
| 01/06/2016 | OPN: COMPLAINT | | |
| 01/06/2016 | ARB: CERT NOT SUBJECT | | |
| 01/06/2016 | JURY DEMAND 6 PERSON | | |
| 01/07/2016 | Summons | | |
| | Board of Regents of the University of NM | Served<br>Response Due<br>Returned | 01/22/2016<br>02/22/2016<br>01/27/2016 |
| | Carroll, Scott, MD | Served<br>Response Due<br>Returned | 01/22/2016<br>02/22/2016<br>01/27/2016 |
| | Vigil, Teresa A, MD | Served<br>Response Due<br>Returned | 01/22/2016<br>02/22/2016<br>01/27/2016 |
| | Roth, Paul, MD | Served<br>Response Due<br>Returned | 01/22/2016<br>02/22/2016<br>01/28/2016 |
| 01/15/2016 | AMENDED COMPLAINT | | |
| 01/27/2016 | SUMMONS RETURN | | |
| 01/27/2016 | SUMMONS RETURN | | |
| 01/27/2016 | SUMMONS RETURN | | |
| 01/27/2016 | ACCEPTANCE OF SERVICE | | |
| 01/28/2016 | SUMMONS RETURN | | |
| 04/06/2016 | Summons | | |
| | Board of Regents of the University of NM | Served<br>Response Due<br>Returned | 04/07/2016<br>05/09/2016<br>04/08/2016 |
| 04/08/2016 | SUMMONS RETURN<br>*On Amended Complaint* | | |
| 04/08/2016 | SUMMONS RETURN<br>*On Amended Complaint* | | |
| 04/08/2016 | CLS: REMOVAL TO FEDERAL COURT<br>*Notice of Filing Notice of Removal* | | |

|  |  |  |  |  |
|---|---|---|---|---|
| | **Plaintiff** Hunt, Paul | | | |
| | Total Financial Assessment | | | 282.00 |
| | Total Payments and Credits | | | 282.00 |
| | **Balance Due as of 11/07/2016** | | | **0.00** |
| 01/07/2016 | Transaction Assessment | | | 282.00 |
| 01/07/2016 | File & Serve Payment | Receipt # ALBD-2016-500 | Paul, Hunt | (282.00) |

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT

PAUL HUNT,

      Plaintiff,

vs.                            NO.  D-202-CV-2016-00143

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO;
SCOTT CARROLL, M.D., in his individual and official capacities;
JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE
FOR STUDENT PROMOTION AND EVALUATION, in their individual
and official capacities;
TERESA A. VIGIL, M.D., in her individual and official capacities;
PAUL ROTH, M.D., in his individual and official capacities,

      Defendants.

## COMPLAINT FOR DAMAGES
## FOR VIOLATIONS OF THE FIRST AND FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION
## AND FOR DECLARATORY AND INJUNCTIVE RELIEF

      Plaintiff seeks damages under 42 USC §1983, attorneys' fees under 42 USC §1988 for

violations of his rights under the First and Fourteenth Amendments to the United States

Constitution, declaratory relief pursuant to NMSA §41-6-1 *et seq.* and 28 U.S.C. §2201, and

prospective injunctive relief.

## INTRODUCTION

      Plaintiff is a medical student at the University of New Mexico School of Medicine.

Following the presidential election in November, 2012, Plaintiff posted on his personal Facebook

page a statement critical of President Obama's re-election, critical of the Republican party, and

critical of abortion. The Facebook post was not addressed to any individual. Rather, it was

addressed "To all of you who support the Democratic candidates." The post contained no

references to the University or to the Medical School. In the post, the author did not identify

himself as having any connection to the University or to the Medical School. The post contained

no threats. This post was inherently political speech, protected by the First Amendment.

The post, which was six paragraphs long, contained three words which sometimes are

referred to as "expletive deleted." Plaintiff's private Facebook post criticizing President Obama's

re-election, criticizing the Republican party, and comparing abortion to genocide, did not violate

Facebook's policies, did not violate UNM's Social Media Policy, nor UNM's Respectful

Campus policy.

An anonymous person evidently complained about the Facebook post to a School of

Medicine faculty member, Eve Espey, M.D., who referred the matter to the School of Medicine's

Committee for Student Promotion and Evaluation (CSPE). That committee took steps to

"correct" Plaintiff by threatening him with expulsion from the School of Medicine unless he re-

wrote the Facebook post to its satisfaction, and unless he agreed to participate in a "personalized

academic prescription (professionalism enhancement program) that is currently under

development." Under the threat of being expelled from the School of Medicine, Plaintiff did

everything which CSPE required. However, after jumping through every hoop which CSPE

required, Plaintiff's permanent academic record at the School of Medicine still contains negative

references associated with the Facebook matter. These negative references have tainted and will

probably jeopardize Plaintiff's acceptance into a preferred residency program upon graduation

from the School of Medicine. Additionally, CSPE indicated that if Plaintiff engages in similar

behavior in the future, he can be expelled.

The consequence of these actions and the threat of being expelled have significantly

impacted Plaintiff's physical health and emotional health.

Compounding the harms caused to Plaintiff, Defendants Regents, CSPE members, and Carroll did not inform Plaintiff that he had the right to be represented during the CSPE hearing, or at any time thereafter. Consequently, Plaintiff was not represented at the hearing, or at any time thereafter. Upon information and belief, Defendants had a policy forbidding persons such as Plaintiff from being represented during such hearings, or thereafter.

Plaintiff seeks the following relief for this conduct and his injuries:

1) Defendants Regents, CSPE members, and Carroll must acknowledge that they violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution;

2) All references to the Facebook matter must be removed from Plaintiff's permanent file;

3) Plaintiff must be compensated for the violations of his rights under the Constitution as well as consequent damages to his health; and

4) Plaintiff wants Defendants Regents, CSPE members, and Carroll to pay his attorneys fees and his litigation expenses.

## PARTIES

1. Plaintiff is a resident of Bernalillo County, New Mexico. At all times material to the allegations in the Complaint he has been a student at the University of New Mexico School of Medicine.

2. The Board of Regents of the University of New Mexico is the governing body of the University of New Mexico. It is a public employer, a body corporate, and pursuant to N.M.S.A. (1978) §21-7-3, is responsible for management and control of UNM, and has the

authority to sue and be sued. The Board of Regents is the moving force behind the violations of Plaintiff's Constitutional rights.

3.      Unnamed members (John and/or Jane Does) of the Committee for Student Promotion and Evaluation (CSPE members) are University of New Mexico School of Medicine faculty who sat on CSPE from November, 2012 to the present who voted to censor Plaintiff's Facebook post, who voted to reject Plaintiff's written submissions, and who voted to impose penalties on Plaintiff for having exercised his right to free speech under the First and Fourteenth Amendments to the United States Constitution. Upon information and belief, the CSPE meeting audio tapes routinely are destroyed after each meeting, and because the minutes of each meeting do not reflect how each CSPE member voted, the identities of the CSPE members who violated Plaintiff's rights will have to be identified during discovery.

4.      Scott Carroll, M.D. is a faculty member of the UNM School of Medicine. Dr. Carroll was chair of The Committee for Student Promotion and Evaluation (CSPE) when Plaintiff posted his comments on Facebook. Upon information and belief, Dr. Carroll is the person who coordinated the CSPE investigation and prosecution of Plaintiff, and is one of the faculty members who participated in violating Plaintiff's rights under the Constitution.

5.      Teresa A. Vigil, M.D. is a faculty member of the UNM School of Medicine. She currently is the interim chair of CSPE. Upon information and belief, Dr. Vigil, as Interim Chair of CSPE, has the authority to recommend to the Dean of the Medical School, Paul Roth M.D., that all references to the Facebook matter be removed from Plaintiff's academic file. Dr. Vigil is named in this lawsuit because she has the ability to provide prospective injunctive relief for Plaintiff. Pursuant to Tenth Circuit Court case law, the person(s) who have the authority to grant prospective injunctive relief must be named in the Complaint.

6. Paul Roth, M.D., is the Dean of the UNM School of Medicine. Upon information and belief, he has the ultimate authority to remove all references to the Facebook matter from Plaintiff's academic record. Dr. Roth is named in this lawsuit because he has the ability to provide prospective injunctive relief for Plaintiff. Pursuant to Tenth Circuit Court case law, the person(s) who have the authority to grant prospective injunctive relief must be named in the Complaint.

### JURISDICTION and VENUE

7. This Court has jurisdiction pursuant to 42 USC §1983 and 28 U.S.C. §2201.

8. Plaintiff and Defendants reside or are located in Bernalillo County, New Mexico, making venue proper in this Court.

### FACTS COMMON TO ALL CLAIMS

9. At all times material to the allegations in the Complaint, Plaintiff has been a medical student enrolled in the University of New Mexico School of Medicine. He currently is on a leave of absence.

10. Following the general election in November, 2012, Plaintiff posted on his personal Facebook account a post which was critical of President Obama's re-election, critical of the Republican Party, and critical of abortion.

11. The Facebook post contained no references of any sort to the University of New Mexico, nor any references to the School of Medicine. Plaintiff did not identify himself as a student in the School of Medicine. The Facebook post was not directed to any individual. The Facebook post did not contemplate, much less threaten, any action. The Facebook post did not violate any written policy of the University of New Mexico or of the School of Medicine.

However, even if it did, it was protected speech under the First Amendment to the United States Constitution.

12.     Someone, presently unidentified, read the Facebook post and reported it to Eve Espey, M.D., a member of the School of Medicine faculty. Dr. Espey referred Plaintiff to CSPE.

13.     On November 15, 2012, Scott Carroll, M.D., Chair of CSPE, informed Plaintiff that "Dr. Espy" [sic] had "formally referred [Plaintiff] to the Committee for Student Performance [sic] and Evaluation."

14.     Five days later, on November 20, 2012, CSPE met to consider the allegations against Plaintiff. Plaintiff was not represented by counsel, or by any other person. Upon information and belief, CSPE did not allow students to be represented by counsel or by anyone else during such hearings.

15.     Upon information and belief, this was the first time CSPE had met for any reason related to social media or the respectful campus policy. Upon information and belief, CSPE had no written guidelines about how to consider and evaluate an alleged violation of the University's social media policy or respectful campus policy.

16.     On January 24, 2013, Dr. Carroll, as chair of CSPE, notified Plaintiff in writing that "the committee substantiated that your Facebook post was in fact unprofessional conduct due to violations of the UNM Respectful Campus Policy (2240) and the UNM School of Medicine Social Media Policy."

17.     On January 24, 2013, Dr. Carroll notified Plaintiff that "instead of dismissing you from the school of medicine, the committee has chosen to impose a professionalism enhancement prescription composed of two components: an ethic component and a professionalism component, each with its own mentor."

18.     On January 24, 2013, Dr. Carroll notified Plaintiff that, "In addition, CSPE also voted to require notation of your professionalism violation in your Dean's Recommendation Letter provided to residency training programs."

19.     In March, 2013, pursuant to the mandate from CSPE, Plaintiff consulted with Timothy Nelson, M.D., a school of medicine faculty member, to write his apology letter. Dr. Nelson approved the apology letter for submission to CSPE.

20.     On April 16, 2013, CSPE members rejected the apology letter which had been approved by Dr. Nelson.

21.     On April 17, 2013, Dr. Carroll mandated that Plaintiff meet with Sally Fortner, M.D., a school of medicine faculty member, to re-write the apology letter.

22.     On July 10, 2013, Dr. Carroll informed Plaintiff that CSPE members had accepted this re-written version of the apology letter.

23.     As part of the continuing punishment and "re-education" of Plaintiff, he was also required to meet with Timothy Nelson, M.D. to write a paper on the "public expression of political beliefs by physicians." Plaintiff submitted the paper to Dr. Carroll, who rejected it. Plaintiff re-wrote the paper, and CSPE members accepted it.

24.     In November, 2013, CSPE required Plaintiff to re-write the Facebook post in a way which CSPE members would find acceptable. Plaintiff met with Timothy Nelson, M.D., and Sheila Hickey, M.D., the associate dean of students, to re-write the Facebook post. Dr. Hickey and Dr. Nelson approved the re-write. CSPE members rejected the re-write.

25.     On April 22, 2014, Dr. Carroll notified Plaintiff that CSPE members accepted a re-written version of the re-write.

26.     On April 22, 2014, CSPE members voted that Plaintiff's "professionalism enhancement prescription" had been completed.

27.     On April 22, 2014, Dr. Carroll told Plaintiff not to petition CSPE to remove the Facebook incident from his academic record until he had completed Phase II of medical school, which Plaintiff expects will occur on or about April 30, 2017.

28.     All of the actions of CSPE members and Dr. Carroll were explicitly or implicitly authorized by the Board of Regents. All of CSPE members' and Dr. Carroll's powers with respect to the allegations in this Complaint derive from the Board of Regents, and were consistent with its unwritten policy to punish and "re-educate" students whose political expression is disfavored.

## COUNT I

### CLAIM UNDER 42 USC §1983
### FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

29.     Plaintiff incorporates by reference all preceding allegations.

30.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were done under color of federal law, statute, or authority.

31.     The First Amendment protects Plaintiff's right to speak and publish about matters of general and public interest.

32.     Criticisms concerning President Obama's re-election, the Republican Party, and abortion, involve matters of general and public interest, as distinguished from private and personal concerns.

33.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. deprived Plaintiff of his First Amendment rights by threatening him with expulsion from the School of

Medicine for posting on Facebook his criticisms of President Obama's re-election, the Republican Party, and abortion. Dr. Espey warned Plaintiff not to defend himself before the CSPE, and threatened that she could make things very difficult for Plaintiff if he disregarded her warning.

34.    Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. deprived Plaintiff of his First Amendment rights by threatening him, and requiring him to participate in an 18-month program of "re-education," or face expulsion from the School of Medicine.

35.    The Board of Regents delegated to CSPE and to Dr. Carroll, as CSPE's chair, unbridled discretion to decide how to punish and "re-educate" Plaintiff, and how long the process would take. The fact that CSPE members rejected "re-writes" which had been vetted and approved by School of Medicine faculty demonstrates that CSPE had no standards, other than arbitrary and capricious standards which no reasonable person could know in advance. Plaintiff was "re-educated" in twenty-one separate meetings with School of Medicine faculty.

36.    The "black mark" which hangs over Plaintiff, in the form of negative references in his academic record and in the Dean's Recommendation Letter, is meant to inhibit Plaintiff from exercising his rights under the First Amendment. Moreover, the continued threat of expulsion should Plaintiff voice opinions in a manner which Defendants disagree with, has the effect of chilling his First Amendment rights.

37.    Dr. Carroll's "advice" to Plaintiff that he not seek to challenge the "black mark" until he had completed Phase II of medical school is meant to inhibit Plaintiff from exercising his rights under the First Amendment and otherwise chill his First Amendment rights.

9

## COUNT II

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH – VIEWPOINT DISCRIMINATION
#### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

38.     Plaintiff incorporates by reference all preceding allegations.

39.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

40.     The First Amendment protects the right to speak and publish about matters of general and public concern.

41.     Criticisms concerning President Obama's re-election, the Republican Party, and abortion, involve matters of general and public interest, as distinguished from private and personal concerns.

42.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. took the actions described above because of the content of Plaintiff's protected speech.

43.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were not narrowly drawn to effectuate a substantial or compelling government interest.

44.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s conduct violated Plaintiff's rights as secured by the First and Fourteenth Amendments to the United States Constitution.

## COUNT III

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH – RETALIATION
#### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

45.     Plaintiff incorporates by reference all preceding allegations.

46. At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

47. Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions caused Plaintiff to suffer injuries that would chill a person of ordinary firmness from continuing to engage in the protected activities.

48. Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were substantially motivated by their desire to prohibit Plaintiff from exercising his constitutionally protected rights and activities. Such conduct was retaliatory in nature because it required Plaintiff to alter his speech to meet Defendants' mandates, and chilled Plaintiff from exercising his First Amendment rights under threat of potential future expulsion.

49. Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s conduct violated Plaintiff's rights as secured by the First and Fourteenth Amendments to the United States Constitution.

## COUNT IV

### CLAIM UNDER 42 USC §1983 FOR VIOLATION
### OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS
#### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

50. Plaintiff incorporates by reference all preceding allegations.

51. At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

52. Plaintiff's First Amendment rights are a liberty interest protected by the Fourteenth Amendment.

53. Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. failed to provide any guidelines as to appropriate standards for the hearing, or for the sanctions which were imposed on Plaintiff. In effect, Defendants were "making it up as they went along."

54.     Plaintiff did not know what standards would be used with respect to the November 20, 2012 hearing. Plaintiff was not informed he was entitled to be represented at the hearing. Plaintiff's Fourteenth Amendment due process rights were violated because he was subjected to arbitrary and capricious government action, without notice of what standards were in effect, or that he had the right to be represented by counsel or by some other person. The policies Plaintiff was accused of violating were vague, and contained no notice of the consequences of violating the policies.

55.     Upon information and belief, the November 20, 2012 hearing was audio recorded, but the recording was destroyed pursuant to Board of Regents policy.

56.     Because Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. violated Plaintiff's First and Fourteenth Amendment rights, Plaintiff is entitled to an injunction ordering these Defendants from further implementing their illegal sanctions against Plaintiff.

**COUNT V**

**CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**
**[Board of Regents, Teresa Vigil, M.D., and Paul Roth, M.D.]**

57.     Because of the continuing violations of Plaintiff's rights under the First and Fourteenth Amendments, Plaintiff seeks an order of this court declaring his rights under the First and Fourteenth Amendments have been violated, and requests an order of this court instructing Defendant Vigil, as the current interim chair of CSPE, to recommend to the Dean of the School of Medicine, Paul Roth, M.D., that all references to the Facebook matter be removed from Plaintiff's permanent record, including the Dean's recommendation letter. Plaintiff also requests an order of this court instructing Dean Roth to remove, or cause to be removed, all references to the Facebook matter from Plaintiff's permanent record, and from the Dean's recommendation letter, and from any other document and file where such references may be kept.

## COUNT VI

## CLAIM FOR DAMAGES FOR PERSONAL INJURY
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

58.     Plaintiff incorporates by reference all preceding allegations.

59.     Plaintiff's physical health and emotional health have both suffered as a result of the actions of Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. As such, Plaintiff seeks damages to compensate him for these injuries.

## COUNT VII

## CLAIM FOR PUNITIVE DAMAGES
### [CSPE members and Scott Carroll, M.D.]

60.     Plaintiff incorporates by reference all preceding allegations.

61.     Defendants CSPE members and Carroll's actions were arbitrary, capricious, wanton, willful, malicious, reckless, and oppressive, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

Plaintiff seeks damages pursuant to 42 USC §1983 for the violations of his rights under the First and Fourteenth Amendments, and for injuries to his physical and emotional health. Plaintiff seeks punitive damages. Plaintiff also seeks attorneys' fees pursuant to 42 USC §1988, for costs of this action, and for such other relief as the Court may deem just.

THE BAKER LAW GROUP

By: */s/ Jeffrey L. Baker*
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Suite 402 NW
Albuquerque, NM 87102
Telephone: (505) 247-1855
Facsimile: (505)766-9113
Email: jeff@bzjustice.com
renni@bzjustice.com

*Attorneys for Plaintiff*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

PAUL HUNT,

      Plaintiff,

vs.                             NO.   D-202-CV-2016-00143

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO;
SCOTT CARROLL, M.D., in his individual and official capacities;
JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE
FOR STUDENT PROMOTION AND EVALUATION, in their individual
and official capacities;
TERESA A. VIGIL, M.D., in her individual and official capacities;
PAUL ROTH, M.D., in his individual and official capacities,

      Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATE

      Plaintiff, PAUL HUNT, by and through his attorneys, The Baker Law Group (Jeffrey L. Baker and Renni Zifferblatt), and pursuant to LR 2-603, certify that he seeks relief in excess of twenty-five thousand dollars ($25,000) exclusive of punitive damages, interest, costs and attorneys' fees.

      Respectfully submitted,

      THE BAKER LAW GROUP

      By: */s/ Jeffrey L. Baker*
      Jeffrey L. Baker
      Renni Zifferblatt
      20 First Plaza Ctr. NW, Ste. 402
      Albuquerque, NM 87102
      Telephone: (505) 247-1855
      Facsimile: (505) 766-9113
      Email: jeff@bzjustice.com
      renni@bzjustice.com

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

PAUL HUNT,

      Plaintiff,

vs.                    NO.  D-202-CV-2016-00143

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO;
SCOTT CARROLL, M.D., in his individual and official capacities;
JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE
FOR STUDENT PROMOTION AND EVALUATION, in their individual
and official capacities;
TERESA A. VIGIL, M.D., in her individual and official capacities;
PAUL ROTH, M.D., in his individual and official capacities,

      Defendants.

### JURY DEMAND

      COMES NOW Plaintiff, by and through his counsel of record, Jeffrey L. Baker and

Renni Zifferblatt of The Baker Law Group, and hereby demands a trial by jury consisting of six

(6) members.

                    Respectfully submitted,

                    THE BAKER LAW GROUP

                    By: */s/ Jeffrey L. Baker*
                    Jeffrey L. Baker
                    Renni Zifferblatt
                    20 First Plaza Ctr. NW, Ste. 402
                    Albuquerque, NM 87102
                    Telephone:  (505) 247-1855
                    Facsimile:  (505) 766-9113
                    Email:  jeff@bzjustice.com
                    renni@bzjustice.com

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT

PAUL HUNT,

      Plaintiff,

vs.                              NO. D-202-CV-2016-00143

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO;
SCOTT CARROLL, M.D., in his individual and official capacities;
JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE
FOR STUDENT PROMOTION AND EVALUATION, in their individual
and official capacities;
TERESA A. VIGIL, M.D., in her individual and official capacities;
PAUL ROTH, M.D., in his individual and official capacities,

      Defendants.

## FIRST AMENDED COMPLAINT FOR DAMAGES
## FOR VIOLATIONS OF THE FIRST AND FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION
## AND FOR DECLARATORY AND INJUNCTIVE RELIEF

      Plaintiff seeks damages under 42 USC §1983, attorneys' fees under 42 USC §1988 for violations of his rights under the First and Fourteenth Amendments to the United States Constitution, declaratory relief pursuant to NMSA §41-6-1 *et seq.* and 28 U.S.C. §2201, and prospective injunctive relief.

### INTRODUCTION

      Plaintiff is a medical student at the University of New Mexico School of Medicine. Following the presidential election in November, 2012, Plaintiff posted on his personal Facebook page a statement critical of President Obama's re-election, critical of the Republican party, and critical of abortion. The Facebook post was not addressed to any individual. Rather, it was addressed "To all of you who support the Democratic candidates." The post contained no

references to the University or to the Medical School. In the post, the author did not identify

himself as having any connection to the University or to the Medical School. The post contained

no threats. This post was inherently political speech, protected by the First Amendment.

The post, which was six paragraphs long, contained three words which sometimes are

referred to as "expletive deleted." Plaintiff's private Facebook post criticizing President Obama's

re-election, criticizing the Republican party, and comparing abortion to genocide, did not violate

Facebook's policies, did not violate UNM's Social Media Policy, nor UNM's Respectful

Campus policy.

An anonymous person evidently complained about the Facebook post to a School of

Medicine faculty member, Eve Espey, M.D., who referred the matter to the School of Medicine's

Committee for Student Promotion and Evaluation (CSPE). That committee took steps to

"correct" Plaintiff by threatening him with expulsion from the School of Medicine unless he re-

wrote the Facebook post to its satisfaction, and unless he agreed to participate in a "personalized

academic prescription (professionalism enhancement program) that is currently under

development." Under the threat of being expelled from the School of Medicine, Plaintiff did

everything which CSPE required. However, after jumping through every hoop which CSPE

required, Plaintiff's permanent academic record at the School of Medicine still contains negative

references associated with the Facebook matter. These negative references have tainted and will

probably jeopardize Plaintiff's acceptance into a preferred residency program upon graduation

from the School of Medicine. Additionally, CSPE indicated that if Plaintiff engages in similar

behavior in the future, he can be expelled.

Compounding the harms caused to Plaintiff, Defendants Regents, CSPE members, and

Carroll did not inform Plaintiff that he had the right to be represented during the CSPE hearing,

or at any time thereafter. Consequently, Plaintiff was not represented at the hearing, or at any time thereafter. Upon information and belief, Defendants had a policy forbidding persons such as Plaintiff from being represented during such hearings, or thereafter.

Plaintiff seeks the following relief for this conduct and his injuries:

1) Defendants Regents, CSPE members, and Carroll must acknowledge that they violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution;

2) All references to the Facebook matter must be removed from Plaintiff's permanent file;

3) Plaintiff must be compensated for the violations of his rights under the Constitution; and

4) Plaintiff wants Defendants Regents, CSPE members, and Carroll to pay his attorneys fees and his litigation expenses.

## PARTIES

1. Plaintiff is a resident of Bernalillo County, New Mexico. At all times material to the allegations in the Complaint he has been a student at the University of New Mexico School of Medicine.

2. The Board of Regents of the University of New Mexico is the governing body of the University of New Mexico. It is a public employer, a body corporate, and pursuant to N.M.S.A. (1978) §21-7-3, is responsible for management and control of UNM, and has the authority to sue and be sued. The Board of Regents is the moving force behind the violations of Plaintiff's Constitutional rights.

3.      Unnamed members (John and/or Jane Does) of the Committee for Student

Promotion and Evaluation (CSPE members) are University of New Mexico School of Medicine

faculty who sat on CSPE from November, 2012 to the present who voted to censor Plaintiff's

Facebook post, who voted to reject Plaintiff's written submissions, and who voted to impose

penalties on Plaintiff for having exercised his right to free speech under the First and Fourteenth

Amendments to the United States Constitution.  Upon information and belief, the CSPE meeting

audio tapes routinely are destroyed after each meeting, and because the minutes of each meeting

do not reflect how each CSPE member voted, the identities of the CSPE members who violated

Plaintiff's rights will have to be identified during discovery.

4.      Scott Carroll, M.D. is a faculty member of the UNM School of Medicine.  Dr.

Carroll was chair of The Committee for Student Promotion and Evaluation (CSPE) when

Plaintiff posted his comments on Facebook.  Upon information and belief, Dr. Carroll is the

person who coordinated the CSPE investigation and prosecution of Plaintiff, and is one of the

faculty members who participated in violating Plaintiff's rights under the Constitution.

5.      Teresa A. Vigil, M.D. is a faculty member of the UNM School of Medicine.  She

currently is the interim chair of CSPE.  Upon information and belief, Dr. Vigil, as Interim Chair

of CSPE, has the authority to recommend to the Dean of the Medical School, Paul Roth M.D.,

that all references to the Facebook matter be removed from Plaintiff's academic file.  Dr. Vigil is

named in this lawsuit because she has the ability to provide prospective injunctive relief for

Plaintiff.  Pursuant to Tenth Circuit Court case law, the person(s) who have the authority to grant

prospective injunctive relief must be named in the Complaint.

6.      Paul Roth, M.D., is the Dean of the UNM School of Medicine.  Upon information

and belief, he has the ultimate authority to remove all references to the Facebook matter from

Plaintiff's academic record. Dr. Roth is named in this lawsuit because he has the ability to provide prospective injunctive relief for Plaintiff. Pursuant to Tenth Circuit Court case law, the person(s) who have the authority to grant prospective injunctive relief must be named in the Complaint.

## JURISDICTION and VENUE

7.      This Court has jurisdiction pursuant to 42 USC §1983 and 28 U.S.C. §2201.

8.      Plaintiff and Defendants reside or are located in Bernalillo County, New Mexico, making venue proper in this Court.

## FACTS COMMON TO ALL CLAIMS

9.      At all times material to the allegations in the Complaint, Plaintiff has been a medical student enrolled in the University of New Mexico School of Medicine. He currently is on a leave of absence.

10.      Following the general election in November, 2012, Plaintiff posted on his personal Facebook account a post which was critical of President Obama's re-election, critical of the Republican Party, and critical of abortion.

11.      The Facebook post contained no references of any sort to the University of New Mexico, nor any references to the School of Medicine. Plaintiff did not identify himself as a student in the School of Medicine. The Facebook post was not directed to any individual. The Facebook post did not contemplate, much less threaten, any action. The Facebook post did not violate any written policy of the University of New Mexico or of the School of Medicine. However, even if it did, it was protected speech under the First Amendment to the United States Constitution.

12. Someone, presently unidentified, read the Facebook post and reported it to Eve Espey, M.D., a member of the School of Medicine faculty. Dr. Espey referred Plaintiff to CSPE.

13. On November 15, 2012, Scott Carroll, M.D., Chair of CSPE, informed Plaintiff that "Dr. Espy" [sic] had "formally referred [Plaintiff] to the Committee for Student Performance [sic] and Evaluation."

14. Five days later, on November 20, 2012, CSPE met to consider the allegations against Plaintiff. Plaintiff was not represented by counsel, or by any other person. Upon information and belief, CSPE did not allow students to be represented by counsel or by anyone else during such hearings.

15. Upon information and belief, this was the first time CSPE had met for any reason related to social media or the respectful campus policy. Upon information and belief, CSPE had no written guidelines about how to consider and evaluate an alleged violation of the University's social media policy or respectful campus policy.

16. On January 24, 2013, Dr. Carroll, as chair of CSPE, notified Plaintiff in writing that "the committee substantiated that your Facebook post was in fact unprofessional conduct due to violations of the UNM Respectful Campus Policy (2240) and the UNM School of Medicine Social Media Policy."

17. On January 24, 2013, Dr. Carroll notified Plaintiff that "instead of dismissing you from the school of medicine, the committee has chosen to impose a professionalism enhancement prescription composed of two components: an ethic component and a professionalism component, each with its own mentor."

18. On January 24, 2013, Dr. Carroll notified Plaintiff that, "In addition, CSPE also voted to require notation of your professionalism violation in your Dean's Recommendation Letter provided to residency training programs."

19. In March, 2013, pursuant to the mandate from CSPE, Plaintiff consulted with Timothy Nelson, M.D., a school of medicine faculty member, to write his apology letter. Dr. Nelson approved the apology letter for submission to CSPE.

20. On April 16, 2013, CSPE members rejected the apology letter which had been approved by Dr. Nelson.

21. On April 17, 2013, Dr. Carroll mandated that Plaintiff meet with Sally Fortner, M.D., a school of medicine faculty member, to re-write the apology letter.

22. On July 10, 2013, Dr. Carroll informed Plaintiff that CSPE members had accepted this re-written version of the apology letter.

23. As part of the continuing punishment and "re-education" of Plaintiff, he was also required to meet with Timothy Nelson, M.D. to write a paper on the "public expression of political beliefs by physicians." Plaintiff submitted the paper to Dr. Carroll, who rejected it. Plaintiff re-wrote the paper, and CSPE members accepted it.

24. In November, 2013, CSPE required Plaintiff to re-write the Facebook post in a way which CSPE members would find acceptable. Plaintiff met with Timothy Nelson, M.D., and Sheila Hickey, M.D., the associate dean of students, to re-write the Facebook post. Dr. Hickey and Dr. Nelson approved the re-write. CSPE members rejected the re-write.

25. On April 22, 2014, Dr. Carroll notified Plaintiff that CSPE members accepted a re-written version of the re-write.

26.     On April 22, 2014, CSPE members voted that Plaintiff's "professionalism enhancement prescription" had been completed.

27.     On April 22, 2014, Dr. Carroll told Plaintiff not to petition CSPE to remove the Facebook incident from his academic record until he had completed Phase II of medical school, which Plaintiff expects will occur on or about April 30, 2017.

28.     All of the actions of CSPE members and Dr. Carroll were explicitly or implicitly authorized by the Board of Regents. All of CSPE members' and Dr. Carroll's powers with respect to the allegations in this Complaint derive from the Board of Regents, and were consistent with its unwritten policy to punish and "re-educate" students whose political expression is disfavored.

## COUNT I

### CLAIM UNDER 42 USC §1983
### FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

29.     Plaintiff incorporates by reference all preceding allegations.

30.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were done under color of federal law, statute, or authority.

31.     The First Amendment protects Plaintiff's right to speak and publish about matters of general and public interest.

32.     Criticisms concerning President Obama's re-election, the Republican Party, and abortion, involve matters of general and public interest, as distinguished from private and personal concerns.

33.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. deprived Plaintiff of his First Amendment rights by threatening him with expulsion from the School of

Medicine for posting on Facebook his criticisms of President Obama's re-election, the Republican Party, and abortion. Dr. Espey warned Plaintiff not to defend himself before the CSPE, and threatened that she could make things very difficult for Plaintiff if he disregarded her warning.

34.    Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. deprived Plaintiff of his First Amendment rights by threatening him, and requiring him to participate in an 18-month program of "re-education," or face expulsion from the School of Medicine.

35.    The Board of Regents delegated to CSPE and to Dr. Carroll, as CSPE's chair, unbridled discretion to decide how to punish and "re-educate" Plaintiff, and how long the process would take. The fact that CSPE members rejected "re-writes" which had been vetted and approved by School of Medicine faculty demonstrates that CSPE had no standards, other than arbitrary and capricious standards which no reasonable person could know in advance. Plaintiff was "re-educated" in twenty-one separate meetings with School of Medicine faculty.

36.    The "black mark" which hangs over Plaintiff, in the form of negative references in his academic record and in the Dean's Recommendation Letter, is meant to inhibit Plaintiff from exercising his rights under the First Amendment. Moreover, the continued threat of expulsion should Plaintiff voice opinions in a manner which Defendants disagree with, has the effect of chilling his First Amendment rights.

37.    Dr. Carroll's "advice" to Plaintiff that he not seek to challenge the "black mark" until he had completed Phase II of medical school is meant to inhibit Plaintiff from exercising his rights under the First Amendment and otherwise chill his First Amendment rights.

## COUNT II

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH – VIEWPOINT DISCRIMINATION
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

38.     Plaintiff incorporates by reference all preceding allegations.

39.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

40.     The First Amendment protects the right to speak and publish about matters of general and public concern.

41.     Criticisms concerning President Obama's re-election, the Republican Party, and abortion, involve matters of general and public interest, as distinguished from private and personal concerns.

42.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. took the actions described above because of the content of Plaintiff's protected speech.

43.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were not narrowly drawn to effectuate a substantial or compelling government interest.

44.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s conduct violated Plaintiff's rights as secured by the First and Fourteenth Amendments to the United States Constitution.

## COUNT III

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH – RETALIATION
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

45.     Plaintiff incorporates by reference all preceding allegations.

46.    At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

47.    Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions caused Plaintiff to suffer injuries that would chill a person of ordinary firmness from continuing to engage in the protected activities.

48.    Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were substantially motivated by their desire to prohibit Plaintiff from exercising his constitutionally protected rights and activities. Such conduct was retaliatory in nature because it required Plaintiff to alter his speech to meet Defendants' mandates, and chilled Plaintiff from exercising his First Amendment rights under threat of potential future expulsion.

49.    Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s conduct violated Plaintiff's rights as secured by the First and Fourteenth Amendments to the United States Constitution.

## COUNT IV

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS [Board of Regents, CSPE members, and Scott Carroll, M.D.]

50.    Plaintiff incorporates by reference all preceding allegations.

51.    At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

52.    Plaintiff's First Amendment rights are a liberty interest protected by the Fourteenth Amendment.

53.    Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. failed to provide any guidelines as to appropriate standards for the hearing, or for the sanctions which were imposed on Plaintiff. In effect, Defendants were "making it up as they went along."

54.     Plaintiff did not know what standards would be used with respect to the November 20, 2012 hearing. Plaintiff was not informed he was entitled to be represented at the hearing. Plaintiff's Fourteenth Amendment due process rights were violated because he was subjected to arbitrary and capricious government action, without notice of what standards were in effect, or that he had the right to be represented by counsel or by some other person. The policies Plaintiff was accused of violating were vague, and contained no notice of the consequences of violating the policies.

55.     Upon information and belief, the November 20, 2012 hearing was audio recorded, but the recording was destroyed pursuant to Board of Regents policy.

56.     Because Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. violated Plaintiff's First and Fourteenth Amendment rights, Plaintiff is entitled to an injunction ordering these Defendants from further implementing their illegal sanctions against Plaintiff.

## COUNT V

### CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF
### [Board of Regents, Teresa Vigil, M.D., and Paul Roth, M.D.]

57.     Because of the continuing violations of Plaintiff's rights under the First and Fourteenth Amendments, Plaintiff seeks an order of this court declaring his rights under the First and Fourteenth Amendments have been violated, and requests an order of this court instructing Defendant Vigil, as the current interim chair of CSPE, to recommend to the Dean of the School of Medicine, Paul Roth, M.D., that all references to the Facebook matter be removed from Plaintiff's permanent record, including the Dean's recommendation letter. Plaintiff also requests an order of this court instructing Dean Roth to remove, or cause to be removed, all references to the Facebook matter from Plaintiff's permanent record, and from the Dean's recommendation letter, and from any other document and file where such references may be kept.

## COUNT VI

## CLAIM FOR PUNITIVE DAMAGES
### [CSPE members and Scott Carroll, M.D.]

58.     Plaintiff incorporates by reference all preceding allegations.

59.     Defendants CSPE members and Carroll's actions were arbitrary, capricious, wanton, willful, malicious, reckless, and oppressive, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

Plaintiff seeks damages pursuant to 42 USC §1983 for the violations of his rights under the First and Fourteenth Amendments. Plaintiff seeks punitive damages. Plaintiff also seeks attorneys' fees pursuant to 42 USC §1988, for costs of this action, and for such other relief as the Court may deem just.

THE BAKER LAW GROUP

By: */s/ Jeffrey L. Baker*
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Suite 402 NW
Albuquerque, NM 87102
Telephone: (505) 247-1855
Facsimile: (505)766-9113
Email: jeff@bzjustice.com
renni@bzjustice.com

*Attorneys for Plaintiff*

| SUMMONS | |
|---|---|
| **THE BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO** | |
| Second Judicial District Court<br>Bernalillo County, New Mexico<br>Court Address:<br>**400 Lomas, NW**<br>**Albuquerque, NM 87102**<br>Telephone Number: **(505) 841-7438** | Case Number:     D-202-CV-2016-00143<br><br>Judge:        Victor Lopez |
| Plaintiff: Paul Hunt<br>v.<br>Defendant(s): **BOARD OF REGENTS OF**<br>**THE UNIVERSITY OF NEW MEXICO;**<br>**SCOTT CARROLL, M.D., in his individual**<br>**and official capacities;**<br>**JOHN DOE AND JANE DOE MEMBERS**<br>**OF THE COMMITTEE**<br>**FOR STUDENT PROMOTION AND**<br>**EVALUATION, in their individual**<br>**and official capacities;**<br>**TERESA A. VIGIL, M.D., in her individual**<br>**and official capacities;**<br>**PAUL ROTH, M.D., in his individual and**<br>**official capacities,** | Defendant Name: **The Board of Regents of**<br>**the University of New Mexico**<br>Address: Office of University Counsel<br>MSC05 3440<br>1 University of New Mexico<br>Albuquerque, NM 87131-0001<br><br>**Physical Location:**<br>Scholes Hall<br>Room 208<br><br>Phone: (505) 277-5035 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

    1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this summons. A copy of Plaintiff's First Set of **Interrogatories and Requests for Production** is also attached.

    2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above. **You must respond to the attached Plaintiff's First Set of Interrogatories and Requests for Production no less than forty-five (45) days from the date you are served with this discovery.**

    3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    6.    If you need and interpreter, you must ask for one in writing.

    7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

    Dated at Bernalillo County, New Mexico, this _____ day of  1/7/2016  , 2016.



JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Patricia Serna, Deputy

Attorneys for Plaintiff
THE BAKER LAW GROUP

By: /s/ Jeffrey L. Baker
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Ctr. NW, Ste. 402
Albuquerque, NM 87102
Telephone: (505) 247-1855
Facsimile: (505) 766-9113
Email: jeff@bzjustice.com, renni@bzjustice.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO    )
                       )ss
COUNTY OF Bernalillo   )

    I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Bernalillo County on the 22 day of January 2016, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
(check one box and fill in appropriate blanks)

[X]   to the defendant Board of (*used when defendant accepts a copy of summons and complaint or refused to accept the summons and complaint*).

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge of the actual place of business or employment of defendant and by mailing by first class mail to the defendant at _____ _____ (*insert defendant's business address and by mailing the summons and complaint by first class mail to the defendant at _____ (insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person _____ (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

_Signature_

Signature of person making service

Process Server

Title (*if any*)

Fees: _____

  Subscribed and sworn to before me this 26 day of Janu , 2016.

_Signature_           Notary Public

Judge, notary or other officer        Official Title
authorized to administer oaths

**OFFICIAL SEAL**
**DANIEL RAEL**
NOTARY PUBLIC-State of New Mexico
My Commission Expires Apri 9 2018

| SUMMONS TERESA VIGIL, M.D. | |
|---|---|
| **Second Judicial District Court** Bernalillo County, New Mexico Court Address: **400 Lomas, NW Albuquerque, NM 87102** Telephone Number: **(505) 841-7438** | Case Number: ___ D-202-CV-2016-00143 ___ <br> Judge: ___ Victor Lopez ___ |
| Plaintiff: **Paul Hunt** v. Defendant(s): **BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO; SCOTT CARROLL, M.D., in his individual and official capacities; JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE FOR STUDENT PROMOTION AND EVALUATION, in their individual and official capacities; TERESA A. VIGIL, M.D., in her individual and official capacities; PAUL ROTH, M.D., in his individual and official capacities,** | Defendant Name: **Teresa Vigil, M.D.** Address: UNM General Pediatrics Clinic 2211 Lomas Blvd NE 3rd Floor Albuquerque, NM, 87106 <br> UNM Pediatric Specialty Clinic at UNM Carrie Tingley Hospital 1127 University Blvd NE Albuquerque, NM, 87102 <br> (505) 272-2345 |

**TO THE ABOVE NAMED DEFENDANT(S): Take notice that**

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need and interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at Bernalillo County, New Mexico, this _____ day of ___ 1/7/2016 ___, 2016.



JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Patricia Serna, Deputy

Attorneys for Plaintiff
THE BAKER LAW GROUP

By: */s/ Jeffrey L. Baker* _____
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Ctr. NW, Ste. 402
Albuquerque, NM 87102
Telephone: (505) 247-1855
Facsimile: (505) 766-9113
Email: jeff@bzjustice.com, renni@bzjustice.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO )
                        )ss
COUNTY OF Bernalillo )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Bernalillo County on the 22 day of January, 2016, by delivering a copy of this summons, with a copy of complaint attached, in the following manner.

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refused to accept the summons and complaint*).

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge of the actual place of business or employment of defendant and by mailing by first class mail to the defendant at _____ _____ (*insert defendant's business address* and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X] to Mary Montoya Gun, an agent authorized to receive service of process for defendant Teresa Vigil.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person* _____; *title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

_Halli Sr_                                    Fees: _____
Signature of person making service
_Process server_
Title (*if any*)

Subscribed and sworn to before me this 26 day of Janu, 2016.

_____                              _Nalini Public_
Judge, notary or other officer              Official Title
authorized to administer oaths

OFFICIAL SEAL
DANIEL RAEL
NOTARY PUBLIC-State of New Mexico
My Commission Expires April 9 2018

| SUMMONS<br>SCOTT CARROLL, M.D. | |
|---|---|
| **Second Judicial District Court**<br>Bernalillo County, New Mexico<br>Court Address:<br>**400 Lomas, NW**<br>**Albuquerque, NM 87102**<br>Telephone Number: **(505) 841-7438** | Case Number:     D-202-CV-2016-00143 <br><br>Judge:      Victor Lopez |
| Plaintiff: **Paul Hunt**<br>v.<br>Defendant(s): **BOARD OF REGENTS OF**<br>**THE UNIVERSITY OF NEW MEXICO;**<br>**SCOTT CARROLL, M.D., in his individual**<br>**and official capacities;**<br>**JOHN DOE AND JANE DOE MEMBERS**<br>**OF THE COMMITTEE**<br>**FOR STUDENT PROMOTION AND**<br>**EVALUATION, in their individual**<br>**and official capacities;**<br>**TERESA A. VIGIL, M.D., in her individual**<br>**and official capacities;**<br>**PAUL ROTH, M.D., in his individual and**<br>**official capacities,** | Defendant Name: **Scott Carroll, M.D.**<br>Address: 1001 Yale Blvd NE, Albuquerque, NM 87106<br>Phone D-202-CV-2016-00143<br><br>Physical Address:<br>Family Medicine Center, 4th Floor<br>2400 Tucker N.E.<br>Albuquerque, New Mexico 87131<br>272-2223 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

    1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this summons.

    2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

    3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    6.    If you need and interpreter, you must ask for one in writing.

    7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

    Dated at Bernalillo County, New Mexico, this _____ day of 1/7/2016 _____, 2016.



JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _Patricia Serna_ Deputy
Patricia Serna, Deputy

Attorneys for Plaintiff
THE BAKER LAW GROUP

By: */s/ Jeffrey L. Baker* _____
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Ctr. NW, Ste. 402
Albuquerque, NM 87102
Telephone: (505) 247-1855
Facsimile: (505) 766-9113
Email: jeff@bzjustice.com, renni@bzjustice.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO )
                     )ss
COUNTY OF *Bernalillo* )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Bernalillo* County on the *22* day of *January*, 2016, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
(check one box and fill in appropriate blanks)

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refused to accept the summons and complaint*).

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge of the actual place of business or employment of defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address* and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X] to *Mimi Morningayn* an agent authorized to receive service of process for defendant *Scott Carroll*.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person* _____ (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

_____          Fees: _____
Signature of person making service
*Process Server*
Title (*if any*)

Subscribed and sworn to before me this *26* day of *January*, 2016.

_____          _____
Judge, notary or other officer          Official Title
authorized to administer oaths

OFFICIAL SEAL
DANIEL RAEL
NOTARY PUBLIC-State of New Mexico
My Commission Expires *Feb 9 2016*

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT

PAUL HUNT,

       Plaintiff,

vs.                           NO. D-202-CV-2016-00143

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO;
SCOTT CARROLL, M.D., in his individual and official capacities;
JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE
FOR STUDENT PROMOTION AND EVALUATION, in their individual
and official capacities;
TERESA A. VIGIL, M.D., in her individual and official capacities;
PAUL ROTH, M.D., in his individual and official capacities,

       Defendants.

## ACCEPTANCE OF SERVICE

    I, Julie Taylor Gilmore, Esq., a lawyer employed by the Office of University Counsel, hereby accept service of the Summons and First Amended Complaint for Damages for Violations of the First and Fourteenth Amendments to the United States Constitution and for Declaratory and Injunctive Relief in the above-referenced case, *Paul Hunt v. Board of Regents of the University of New Mexico; Scott Carroll, M.D., in his individual and official capacities; John Doe and Jane Doe Members of the Committee for Student Promotion and Evaluation, in their individual and official capacities; Teresa A. Vigil, M.D., in her individual and official capacities; and Paul Roth, M.D., in his individual and official capacities,* Second Judicial District Court for the County of Bernalillo, New Mexico, case number D-202-CV-2016-00143, on behalf of Defendants Board of Regents of the University of New Mexico, Scott Carroll, M.D., Teresa A. Vigil, M.D., and Paul Roth, M.D..

Pursuant to Rule 1-004(E)(1), this Acceptance of Service shall have the same force and effect as if personally served upon Defendants Board of Regents of the University of New Mexico, Dr. Scott Carroll, Dr. Teresa A. Vigil, and Dr. Paul Roth.

Julie Taylor Gilmore, Esq.
UNM Office of the University Counsel
Health Law Section
1 University of New Mexico
MSC 09 5300
Albuquerque, NM 87131-0001

STATE OF NEW MEXICO )
                   ) ss.
COUNTY OF BERNALILLO)

I, _Mary Morning Son_, hereby certify that on this 27th day of January, 2016, the foregoing *Acceptance of Service* was acknowledged, subscribed and sworn to before me by Julie Taylor Gilmore, Esq.

Notary public

My commission expires: _February 16, 2019_

OFFICIAL SEAL
Mary E. Morning San
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires 2/16/2019

2

| SUMMONS<br>PAUL ROTH, M.D. ||
|---|---|
| Second Judicial District Court<br>Bernalillo County, New Mexico<br>Court Address:<br>400 Lomas, NW<br>Albuquerque, NM 87102<br>Telephone Number: (505) 841-7438 | Case Number: D-202-CV-2016-00143<br><br>Judge:____ Lopez, Victor S._____ |
| Plaintiff: Paul Hunt<br>v.<br>Defendant(s): **BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO; SCOTT CARROLL, M.D., in his individual and official capacities; JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE FOR STUDENT PROMOTION AND EVALUATION, in their individual and official capacities; TERESA A. VIGIL, M.D., in her individual and official capacities; PAUL ROTH, M.D., in his individual and official capacities,** ⠐⠂ | Defendant Name: **Paul Roth, M.D.**<br>Address: Office of the Chancellor for Health Sciences<br>Dean, School of Medicine<br>MSC09 5300<br>1 University of New Mexico<br>Albuquerque, New Mexico 87131-5001<br>Phone: (505) 272-5849 |

**TO THE ABOVE NAMED DEFENDANT(S): Take notice that**

     1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this summons.

     2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

     3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

     4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

     5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

     6.     If you need and interpreter, you must ask for one in writing.

     7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

     Dated at Bernalillo County, New Mexico, this _____ day of _1/7/2016_____, 2016.



JAMES A. NOEL
CLERK OF THE DISTRICT COURT
By: Patricia Serna, Deputy

Attorneys for Plaintiff
THE BAKER LAW GROUP

By: */s/ Jeffrey L. Baker*
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Ctr. NW, Ste. 402
Albuquerque, NM 87102
Telephone: (505) 247-1855
Facsimile: (505) 766-9113
Email: jeff@bzjustice.com, renni@bzjustice.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO )
                     )ss
COUNTY OF *Bernalillo* )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Bernalillo* County on the *22* day of *January*, 2016, by delivering a copy of this summons, with a copy of complaint attached, in the following manner.

(check one box and fill in appropriate blanks)

[ ] to the defendant _____ (used when defendant accepts a copy of summons and complaint or refused to accept the summons and complaint).

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service by mail or commercial courier service).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (used when defendant is not presently at place of abode) and by mailing by first class mail to the defendant at _____ (insert defendant's last known mailing address) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge of the actual place of business or employment of defendant and by mailing by first class mail to the defendant at _____ (insert defendant's business address and by mailing the summons and complaint by first class mail to the defendant at _____ (insert defendant's last known mailing address).

[X] to *Manuel Dominguez* an agent authorized to receive service of process for defendant *Paul Roth*.

[ ] to _____; [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (used when defendant is a minor or an incompetent person).

[ ] to _____ (name of person _____, (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

_(signature)_          Fees: _____
Signature of person making service

*Process Server*
Title (*if any*)

Subscribed and sworn to before me this *27* day of *January*, 2016.

_(signature)_          _(signature)_
Judge, notary or other officer          Official Title
authorized to administer oaths

OFFICIAL SEAL
REGINA L. WILDAU
NOTARY PUBLIC-State of New Mexico
My Commission Expires: *8/15/18*

## SUMMONS ON AMENDED COMPLAINT
## STATE OF NEW MEXICO

| | |
|---|---|
| **Second Judicial District Court**<br>Bernalillo County, New Mexico<br>Court Address:<br>**400 Lomas, NW**<br>**Albuquerque, NM 87102**<br>Telephone Number: **(505) 841-7438** | Case Number: D-202-CV-2016-00143<br><br>Judge: Victor S. Lopez |
| Plaintiff: **Paul Hunt**<br>v.<br>Defendant(s): **BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO; SCOTT CARROLL, M.D., in his individual and official capacities; JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE FOR STUDENT PROMOTION AND EVALUATION, in their individual and official capacities; TERESA A. VIGIL, M.D., in her individual and official capacities; PAUL ROTH, M.D., in his individual and official capacities,** | Defendant<br>Board of Regents of the University of New Mexico<br>Name: c/o Susana Martinez, Governor<br>Address: State Capital Building<br>490 Old Santa Fe Trail, Suite 400<br>Santa Fe, NM 87501<br>Main: 505.476.2200 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this summons. **A copy of Plaintiff's First Set of Interrogatories and Requests for Production is also attached.**

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Courts address is listed above. **You must respond to the attached Plaintiff's First Set of Interrogatories and Requests for Production no less than forty-five (45) days from the date you are served with this discovery.**

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need and interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at Bernalillo County, New Mexico this _____ day of _4/6/2016_____, 2016.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____

Patricia Serna, Deputy

THE BAKER LAW GROUP

By: /s/ Jeffrey L. Baker
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Ctr. NW, Ste. 402
Albuquerque, NM 87102
Telephone: (505) 247-1855
Facsimile: (505) 766-9113
Email: jeff@bzjustice.com, renni@bzjustice.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO          )
                            )ss
COUNTY OF _Bernalillo_       )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _7th_ day of _April_ _____, 2016, by delivering a copy of this summons, with a copy of Amended Complaint attached, in the following manner.

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refused to accept the summons and complaint*).

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service by mail or commercial courier service*).

After attempting to serve the summons and Amended Complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of Amended Complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and Amended Complaint.

[ ]    to _____, the person apparently in charge of the actual place of business or employment of defendant and by mailing by first class mail to the defendant at _____ _____ (*insert defendant's business address* and by mailing the summons and Amended Complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).
                                    _Deputy General_
[X]    to _Matthew Stackpole_ name of person _Counsel_, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_Neto Clautz_
Signature of person making service

_Process Server_
Title (*if any*)

Subscribed and sworn to before me this ___7___ day of ___April___, 2016

_____
Judge, notary or other officer
authorized to administer oaths

OFFICIAL ...
GORDON ARCHULETA
NOTARY PUBLIC - STATE OF NEW MEXI
Notary Bond Filed With Secretary of State
My Commission Expires 9/9/16

_____
Official title

## SUMMONS ON AMENDED COMPLAINT
## STATE OF NEW MEXICO

| | |
|---|---|
| Second Judicial District Court<br>Bernalillo County, New Mexico<br>Court Address:<br>**400 Lomas, NW**<br>**Albuquerque, NM 87102**<br>Telephone Number: **(505) 841-7438** | Case Number: D-202-CV-2016-00143<br><br>Judge: Victor S. Lopez |
| Plaintiff: **Paul Hunt**<br>v.<br>Defendant(s): **BOARD OF REGENTS OF**<br>**THE UNIVERSITY OF NEW MEXICO;**<br>**SCOTT CARROLL, M.D., in his individual**<br>**and official capacities;**<br>**JOHN DOE AND JANE DOE MEMBERS**<br>**OF THE COMMITTEE**<br>**FOR STUDENT PROMOTION AND**<br>**EVALUATION, in their individual**<br>**and official capacities;**<br>**TERESA A. VIGIL, M.D., in her individual**<br>**and official capacities;**<br>**PAUL ROTH, M.D., in his individual and**<br>**official capacities,** | Defendant<br>Board of Regents of the University of New<br>Mexico<br>Name: c/o Attorney General<br>Address: 408 Galisteo Street<br>Santa Fe, NM 87501<br>Main: 505.827.6000 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

     1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this summons. A copy of Plaintiff's First Set of Interrogatories and **Requests for Production** is also attached.

     2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Courts address is listed above. **You must respond to the attached Plaintiff's First Set of Interrogatories and Requests for Production no less than forty-five (45) days from the date you are served with this discovery.**

     3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

     4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

     5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

     6.    If you need and interpreter, you must ask for one in writing.

     7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at Bernalillo County, New Mexico this _____ day of _4/6/2016_____, 2016.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Patricia Serna, Deputy

THE BAKER LAW GROUP

By: */s/ Jeffrey L. Baker*
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Ctr. NW, Ste. 402
Albuquerque, NM 87102
Telephone: (505) 247-1855
Facsimile: (505) 766-9113
Email: jeff@bzjustice.com, renni@bzjustice.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO          )
                                                     )ss
COUNTY OF *Bernalillo*          )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Santa Fe* county on the *7th* day of *April* _____, 2016, by delivering a copy of this summons, with a copy of Amended Complaint attached, in the following manner.

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refused to accept the summons and complaint*).

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service by mail or commercial courier service*).

After attempting to serve the summons and Amended Complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of Amended Complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and Amended Complaint.

[ ]    to _____, the person apparently in charge of the actual place of business or employment of defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address* and by mailing the summons and Amended Complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[X]    to *Lavern Roller* (*name of person* *Legal Asst.*, ___, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
*Noto Credy*
Signature of person making service

*Process Server*
Title (*if any*)

Subscribed and sworn to before me this ___7___ day of ___Apri___ , 2016.

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

OFFICIAL SEAL
GORDON ARCHULETA
NOTARY PUBLIC - STATE OF NEW MEX
Notary Bond Filed With Secretary of State
My Commission Expires 9-19-16

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/8/2016 10:18:11 AM
James A. Noel
Lorenzo Renteria

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT

PAUL HUNT,

        Plaintiff,

v.                         No. D-202-CV-2016-00143

BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO; SCOTT CARROLL, M.D., in his
individual and official capacities; JOHN DOE AND
JANE DOE MEMBERS OF THE COMMITTEE
FOR STUDENT PROMOTION AND EVALUATION,
in their individual and official capacities; TERESA A.
VIGIL, M.D., in her individual and official capacities;
PAUL ROTH, M.D., in his individual and official
capacities,

        Defendants.

<u>NOTICE OF FILING NOTICE OF REMOVAL</u>

      Notice is hereby given that Defendants Board of Regents of the University of New

Mexico, Scott Carroll, M.D., Teresa A. Vigil, M.D., and Paul Roth, M.D. have filed the attached

Notice of Removal to the United States District Court for the District of New Mexico on April 8,

2016.

                               Respectfully submitted,

                               MONTGOMERY & ANDREWS, P.A.

                               By: <u>/s/ Walter J. Melendres</u>
                                   Walter J. Melendres
                                   Carolyn A. Wolf
                           Post Office Box 2307
                           Santa Fe, NM 87504-2307
                           (505) 982-3873
                           wmelendres@montand.com
                           cwolf@montand.com

1

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2016, a true and correct copy of the foregoing was served via the Court's electronic system on the following counsel of record:

Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Ctr. NW, Ste. 402
Albuquerque, NM 87102
jeff@bzjustice.com
renni@bzjustice.com

/s/ Walter J. Melendres
Walter J. Melendres

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL HUNT,

      Plaintiff,

v.                                No._____

BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO; SCOTT CARROLL, M.D., in his
individual and official capacities; JOHN DOE AND
JANE DOE MEMBERS OF THE COMMITTEE
FOR STUDENT PROMOTION AND EVALUATION,
in their individual and official capacities; TERESA A.
VIGIL, M.D., in her individual and official capacities;
PAUL ROTH, M.D., in his individual and official
capacities,

      Defendant.

## DEFENDANTS' NOTICE OF REMOVAL

      Pursuant to 28 U.S.C. §§ 1441, 1443 and 1446, Defendants Board of Regents of the

University of New Mexico, Scott Carroll, M.D., Teresa A. Vigil, M.D., and Paul Roth, M.D.

(Defendants) respectfully submits this Notice of Removal of this action from the Second Judicial

District Court, County of Bernalillo, State of New Mexico, in which court the action is pending,

to the United States District Court for the District of New Mexico.  In support of this Notice of

Removal, the Defendants state as follows:

      1.      On January 6, 2016, Plaintiff filed his Complaint for Damages for Violations of

the First and Fourteenth Amendments to the United States Constitution and for Declaratory and

Injunctive Relief.  On January 15, 2016, Plaintiff filed his First Amended Complaint for

Damages for Violations of the First and Fourteenth Amendments to the United States

Constitution and for Declaratory and Injunctive Relief.

2.     On January 22, 2016, Defendants were served with the First Amended Complaint. Under Rule 1-004(H) NMRA, service on a branch, agency, bureau, department, commission or institution of the State must be made by delivering a copy of the process on the head of the branch, agency, bureau, department commission or institution and to the Attorney General. Under the same rule, service on an employee, official or officer of the State or of a branch, agency, bureau, department, commission or institution of the State must be made by delivering a copy of the process on the employee, official or officer and the Attorney General.  The Attorney General was served on April 7, 2016.

3.     This Notice of Removal is timely filed within thirty days of service of the Complaint on Defendants.

4.     The claims asserted against Defendants in this case are removable and subject to the jurisdiction of the Court pursuant to 28 U.S.C. § 1331, which vests in this Court jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States.  A federal question is apparent on the face of the Complaint, as Plaintiff has asserted federal constitutional and statutory claims under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

5.     There is an actual controversy between the parties.

6.     Pursuant to 28 U.S.C. § 1446(d), copies of the Notice of Removal will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico.

7.     Pursuant to 28 U.S.C. § 1446, Defendant attaches a copy of the First Amended Complaint as Exhibit A.

Respectfully submitted,

MONTGOMERY & ANDREWS, P.A.

By:  /s/ Walter J. Melendres
       Walter J. Melendres
       Carolyn A. Wolf
Post Office Box 2307
Santa Fe, NM 87504-2307
(505) 982-3873
wmelendres@montand.com
cwolf@montand.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing and served the following by U.S. First Class Mail, postage prepaid:

Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Ctr. NW, Ste. 402
Albuquerque, NM 87102
jeff@bzjustice.com
renni@bzjustice.com

       /s/ Walter J. Melendres
       Walter J. Melendres

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/15/2016 12:03:50 PM
James A. Noel
Christina Villa

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT

PAUL HUNT,

      Plaintiff,

vs.                                                     NO. D-202-CV-2016-00143

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO;
SCOTT CARROLL, M.D., in his individual and official capacities;
JOHN DOE AND JANE DOE MEMBERS OF THE COMMITTEE
FOR STUDENT PROMOTION AND EVALUATION, in their individual
and official capacities;
TERESA A. VIGIL, M.D., in her individual and official capacities;
PAUL ROTH, M.D., in his individual and official capacities,

      Defendants.

## FIRST AMENDED COMPLAINT FOR DAMAGES
## FOR VIOLATIONS OF THE FIRST AND FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION
## AND FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff seeks damages under 42 USC §1983, attorneys' fees under 42 USC §1988 for

violations of his rights under the First and Fourteenth Amendments to the United States

Constitution, declaratory relief pursuant to NMSA §41-6-1 *et seq.* and 28 U.S.C. §2201, and

prospective injunctive relief.

### INTRODUCTION

Plaintiff is a medical student at the University of New Mexico School of Medicine.

Following the presidential election in November, 2012, Plaintiff posted on his personal Facebook

page a statement critical of President Obama's re-election, critical of the Republican party, and

critical of abortion. The Facebook post was not addressed to any individual. Rather, it was

addressed "To all of you who support the Democratic candidates." The post contained no

EXHIBIT
A

references to the University or to the Medical School.  In the post, the author did not identify himself as having any connection to the University or to the Medical School.  The post contained no threats.  This post was inherently political speech, protected by the First Amendment.

The post, which was six paragraphs long, contained three words which sometimes are referred to as "expletive deleted."  Plaintiff's private Facebook post criticizing President Obama's re-election, criticizing the Republican party, and comparing abortion to genocide, did not violate Facebook's policies, did not violate UNM's Social Media Policy, nor UNM's Respectful Campus policy.

An anonymous person evidently complained about the Facebook post to a School of Medicine faculty member, Eve Espey, M.D., who referred the matter to the School of Medicine's Committee for Student Promotion and Evaluation (CSPE).  That committee took steps to "correct" Plaintiff by threatening him with expulsion from the School of Medicine unless he re-wrote the Facebook post to its satisfaction, and unless he agreed to participate in a "personalized academic prescription (professionalism enhancement program) that is currently under development."  Under the threat of being expelled from the School of Medicine, Plaintiff did everything which CSPE required.  However, after jumping through every hoop which CSPE required, Plaintiff's permanent academic record at the School of Medicine still contains negative references associated with the Facebook matter.  These negative references have tainted and will probably jeopardize Plaintiff's acceptance into a preferred residency program upon graduation from the School of Medicine.  Additionally, CSPE indicated that if Plaintiff engages in similar behavior in the future, he can be expelled.

Compounding the harms caused to Plaintiff, Defendants Regents, CSPE members, and Carroll did not inform Plaintiff that he had the right to be represented during the CSPE hearing,

or at any time thereafter. Consequently, Plaintiff was not represented at the hearing, or at any time thereafter. Upon information and belief, Defendants had a policy forbidding persons such as Plaintiff from being represented during such hearings, or thereafter.

Plaintiff seeks the following relief for this conduct and his injuries:

1)      Defendants Regents, CSPE members, and Carroll must acknowledge that they violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution;

2)      All references to the Facebook matter must be removed from Plaintiff's permanent file;

3)      Plaintiff must be compensated for the violations of his rights under the Constitution; and

4)      Plaintiff wants Defendants Regents, CSPE members, and Carroll to pay his attorneys fees and his litigation expenses.

## PARTIES

1.      Plaintiff is a resident of Bernalillo County, New Mexico. At all times material to the allegations in the Complaint he has been a student at the University of New Mexico School of Medicine.

2.      The Board of Regents of the University of New Mexico is the governing body of the University of New Mexico. It is a public employer, a body corporate, and pursuant to N.M.S.A. (1978) §21-7-3, is responsible for management and control of UNM, and has the authority to sue and be sued. The Board of Regents is the moving force behind the violations of Plaintiff's Constitutional rights.

3

3.      Unnamed members (John and/or Jane Does) of the Committee for Student Promotion and Evaluation (CSPE members) are University of New Mexico School of Medicine faculty who sat on CSPE from November, 2012 to the present who voted to censor Plaintiff's Facebook post, who voted to reject Plaintiff's written submissions, and who voted to impose penalties on Plaintiff for having exercised his right to free speech under the First and Fourteenth Amendments to the United States Constitution.  Upon information and belief, the CSPE meeting audio tapes routinely are destroyed after each meeting, and because the minutes of each meeting do not reflect how each CSPE member voted, the identities of the CSPE members who violated Plaintiff's rights will have to be identified during discovery.

4.      Scott Carroll, M.D. is a faculty member of the UNM School of Medicine.  Dr. Carroll was chair of The Committee for Student Promotion and Evaluation (CSPE) when Plaintiff posted his comments on Facebook.  Upon information and belief, Dr. Carroll is the person who coordinated the CSPE investigation and prosecution of Plaintiff, and is one of the faculty members who participated in violating Plaintiff's rights under the Constitution.

5.      Teresa A. Vigil, M.D. is a faculty member of the UNM School of Medicine.  She currently is the interim chair of CSPE.  Upon information and belief, Dr. Vigil, as Interim Chair of CSPE, has the authority to recommend to the Dean of the Medical School, Paul Roth M.D., that all references to the Facebook matter be removed from Plaintiff's academic file.  Dr. Vigil is named in this lawsuit because she has the ability to provide prospective injunctive relief for Plaintiff.  Pursuant to Tenth Circuit Court case law, the person(s) who have the authority to grant prospective injunctive relief must be named in the Complaint.

6.      Paul Roth, M.D., is the Dean of the UNM School of Medicine.  Upon information and belief, he has the ultimate authority to remove all references to the Facebook matter from

Plaintiff's academic record. Dr. Roth is named in this lawsuit because he has the ability to provide prospective injunctive relief for Plaintiff. Pursuant to Tenth Circuit Court case law, the person(s) who have the authority to grant prospective injunctive relief must be named in the Complaint.

### JURISDICTION and VENUE

7.     This Court has jurisdiction pursuant to 42 USC §1983 and 28 U.S.C. §2201.

8.     Plaintiff and Defendants reside or are located in Bernalillo County, New Mexico, making venue proper in this Court.

### FACTS COMMON TO ALL CLAIMS

9.     At all times material to the allegations in the Complaint, Plaintiff has been a medical student enrolled in the University of New Mexico School of Medicine. He currently is on a leave of absence.

10.     Following the general election in November, 2012, Plaintiff posted on his personal Facebook account a post which was critical of President Obama's re-election, critical of the Republican Party, and critical of abortion.

11.     The Facebook post contained no references of any sort to the University of New Mexico, nor any references to the School of Medicine. Plaintiff did not identify himself as a student in the School of Medicine. The Facebook post was not directed to any individual. The Facebook post did not contemplate, much less threaten, any action. The Facebook post did not violate any written policy of the University of New Mexico or of the School of Medicine. However, even if it did, it was protected speech under the First Amendment to the United States Constitution.

12.     Someone, presently unidentified, read the Facebook post and reported it to Eve Espey, M.D., a member of the School of Medicine faculty. Dr. Espey referred Plaintiff to CSPE.

13.     On November 15, 2012, Scott Carroll, M.D., Chair of CSPE, informed Plaintiff that "Dr. Espy" [sic] had "formally referred [Plaintiff] to the Committee for Student Performance [sic] and Evaluation."

14.     Five days later, on November 20, 2012, CSPE met to consider the allegations against Plaintiff.   Plaintiff was not represented by counsel, or by any other person. Upon information and belief, CSPE did not allow students to be represented by counsel or by anyone else during such hearings.

15.     Upon information and belief, this was the first time CSPE had met for any reason related to social media or the respectful campus policy. Upon information and belief, CSPE had no written guidelines about how to consider and evaluate an alleged violation of the University's social media policy or respectful campus policy.

16.     On January 24, 2013, Dr. Carroll, as chair of CSPE, notified Plaintiff in writing that "the committee substantiated that your Facebook post was in fact unprofessional conduct due to violations of the UNM Respectful Campus Policy (2240) and the UNM School of Medicine Social Media Policy."

17.     On January 24, 2013, Dr. Carroll notified Plaintiff that "instead of dismissing you from the school of medicine, the committee has chosen to impose a professionalism enhancement prescription composed of two components: an ethic component and a professionalism component, each with its own mentor."

18.    On January 24, 2013, Dr. Carroll notified Plaintiff that, "In addition, CSPE also voted to require notation of your professionalism violation in your Dean's Recommendation Letter provided to residency training programs."

19.    In March, 2013, pursuant to the mandate from CSPE, Plaintiff consulted with Timothy Nelson, M.D., a school of medicine faculty member, to write his apology letter.  Dr. Nelson approved the apology letter for submission to CSPE.

20.    On April 16, 2013, CSPE members rejected the apology letter which had been approved by Dr. Nelson.

21.    On April 17, 2013, Dr. Carroll mandated that Plaintiff meet with Sally Fortner, M.D., a school of medicine faculty member, to re-write the apology letter.

22.    On July 10, 2013, Dr. Carroll informed Plaintiff that CSPE members had accepted this re-written version of the apology letter.

23.    As part of the continuing punishment and "re-education" of Plaintiff, he was also required to meet with Timothy Nelson, M.D. to write a paper on the "public expression of political beliefs by physicians."  Plaintiff submitted the paper to Dr. Carroll, who rejected it. Plaintiff re-wrote the paper, and CSPE members accepted it.

24.    In November, 2013, CSPE required Plaintiff to re-write the Facebook post in a way which CSPE members would find acceptable.  Plaintiff met with Timothy Nelson, M.D., and Sheila Hickey, M.D., the associate dean of students, to re-write the Facebook post.  Dr. Hickey and Dr. Nelson approved the re-write.  CSPE members rejected the re-write.

25.    On April 22, 2014, Dr. Carroll notified Plaintiff that CSPE members accepted a re-written version of the re-write.

26.     On April 22, 2014, CSPE members voted that Plaintiff's "professionalism enhancement prescription" had been completed.

27.     On April 22, 2014, Dr. Carroll told Plaintiff not to petition CSPE to remove the Facebook incident from his academic record until he had completed Phase II of medical school, which Plaintiff expects will occur on or about April 30, 2017.

28.     All of the actions of CSPE members and Dr. Carroll were explicitly or implicitly authorized by the Board of Regents.  All of CSPE members' and Dr. Carroll's powers with respect to the allegations in this Complaint derive from the Board of Regents, and were consistent with its unwritten policy to punish and "re-educate" students whose political expression is disfavored.

## COUNT I

### CLAIM UNDER 42 USC §1983
### FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

29.     Plaintiff incorporates by reference all preceding allegations.

30.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were done under color of federal law, statute, or authority.

31.     The First Amendment protects Plaintiff's right to speak and publish about matters of general and public interest.

32.     Criticisms concerning President Obama's re-election, the Republican Party, and abortion, involve matters of general and public interest, as distinguished from private and personal concerns.

33.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. deprived Plaintiff of his First Amendment rights by threatening him with expulsion from the School of

Medicine for posting on Facebook his criticisms of President Obama's re-election, the Republican Party, and abortion. Dr. Espey warned Plaintiff not to defend himself before the CSPE, and threatened that she could make things very difficult for Plaintiff if he disregarded her warning.

34.    Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. deprived Plaintiff of his First Amendment rights by threatening him, and requiring him to participate in an 18-month program of "re-education," or face expulsion from the School of Medicine.

35.    The Board of Regents delegated to CSPE and to Dr. Carroll, as CSPE's chair, unbridled discretion to decide how to punish and "re-educate" Plaintiff, and how long the process would take. The fact that CSPE members rejected "re-writes" which had been vetted and approved by School of Medicine faculty demonstrates that CSPE had no standards, other than arbitrary and capricious standards which no reasonable person could know in advance. Plaintiff was "re-educated" in twenty-one separate meetings with School of Medicine faculty.

36.    The "black mark" which hangs over Plaintiff, in the form of negative references in his academic record and in the Dean's Recommendation Letter, is meant to inhibit Plaintiff from exercising his rights under the First Amendment. Moreover, the continued threat of expulsion should Plaintiff voice opinions in a manner which Defendants disagree with, has the effect of chilling his First Amendment rights.

37.    Dr. Carroll's "advice" to Plaintiff that he not seek to challenge the "black mark" until he had completed Phase II of medical school is meant to inhibit Plaintiff from exercising his rights under the First Amendment and otherwise chill his First Amendment rights.

## COUNT II

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH – VIEWPOINT DISCRIMINATION
[Board of Regents, CSPE members, and Scott Carroll, M.D.]

38.     Plaintiff incorporates by reference all preceding allegations.

39.     At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

40.     The First Amendment protects the right to speak and publish about matters of general and public concern.

41.     Criticisms concerning President Obama's re-election, the Republican Party, and abortion, involve matters of general and public interest, as distinguished from private and personal concerns.

42.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. took the actions described above because of the content of Plaintiff's protected speech.

43.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were not narrowly drawn to effectuate a substantial or compelling government interest.

44.     Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s conduct violated Plaintiff's rights as secured by the First and Fourteenth Amendments to the United States Constitution.

## COUNT III

### CLAIM UNDER 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH – RETALIATION
[Board of Regents, CSPE members, and Scott Carroll, M.D.]

45.     Plaintiff incorporates by reference all preceding allegations.

46.   At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

47.   Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions caused Plaintiff to suffer injuries that would chill a person of ordinary firmness from continuing to engage in the protected activities.

48.   Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were substantially motivated by their desire to prohibit Plaintiff from   exercising his constitutionally protected rights and activities, Such conduct was retaliatory in nature because it required Plaintiff to alter his speech to meet Defendants' mandates, and chilled Plaintiff from exercising his First Amendment rights under threat of potential future expulsion.

49.   Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s conduct violated Plaintiff's rights as secured by the First and Fourteenth Amendments to the United States Constitution.

## COUNT IV

### CLAIM UNDER 42 USC §1983 FOR VIOLATION
### OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS
### [Board of Regents, CSPE members, and Scott Carroll, M.D.]

50.   Plaintiff incorporates by reference all preceding allegations.

51.   At all material times, Defendants Board of Regents, CSPE members, and Scott Carroll, M.D.'s actions were under color of federal law, statute, or authority.

52.   Plaintiff's First Amendment rights are a liberty interest protected by the Fourteenth Amendment.

53.   Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. failed to provide any guidelines as to appropriate standards for the hearing, or for the sanctions which were imposed on Plaintiff.  In effect, Defendants were "making it up as they went along."

11

54.     Plaintiff did not know what standards would be used with respect to the November 20, 2012 hearing. Plaintiff was not informed he was entitled to be represented at the hearing. Plaintiff's Fourteenth Amendment due process rights were violated because he was subjected to arbitrary and capricious government action, without notice of what standards were in effect, or that he had the right to be represented by counsel or by some other person. The policies Plaintiff was accused of violating were vague, and contained no notice of the consequences of violating the policies.

55.     Upon information and belief, the November 20, 2012 hearing was audio recorded, but the recording was destroyed pursuant to Board of Regents policy.

56.     Because Defendants Board of Regents, CSPE members, and Scott Carroll, M.D. violated Plaintiff's First and Fourteenth Amendment rights, Plaintiff is entitled to an injunction ordering these Defendants from further implementing their illegal sanctions against Plaintiff.

<u>COUNT V</u>

### <u>CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF</u>
### <u>[Board of Regents, Teresa Vigil, M.D., and Paul Roth, M.D.]</u>

57.     Because of the continuing violations of Plaintiff's rights under the First and Fourteenth Amendments, Plaintiff seeks an order of this court declaring his rights under the First and Fourteenth Amendments have been violated, and requests an order of this court instructing Defendant Vigil, as the current interim chair of CSPE, to recommend to the Dean of the School of Medicine, Paul Roth, M.D., that all references to the Facebook matter be removed from Plaintiff's permanent record, including the Dean's recommendation letter. Plaintiff also requests an order of this court instructing Dean Roth to remove, or cause to be removed, all references to the Facebook matter from Plaintiff's permanent record, and from the Dean's recommendation letter, and from any other document and file where such references may be kept.

<u>COUNT VI</u>

<u>CLAIM FOR PUNITIVE DAMAGES</u>
<u>[CSPE members and Scott Carroll, M.D.]</u>

58.     Plaintiff incorporates by reference all preceding allegations.

59.     Defendants CSPE members and Carroll's actions were arbitrary, capricious, wanton, willful, malicious, reckless, and oppressive, entitling Plaintiff to an award of punitive damages.

<u>PRAYER FOR RELIEF</u>

Plaintiff seeks damages pursuant to 42 USC §1983 for the violations of his rights under the First and Fourteenth Amendments.  Plaintiff seeks punitive damages.  Plaintiff also seeks attorneys' fees pursuant to 42 USC §1988, for costs of this action, and for such other relief as the Court may deem just.

THE BAKER LAW GROUP

By: */s/ Jeffrey L. Baker*
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Suite 402 NW
Albuquerque, NM 87102
Telephone:  (505) 247-1855
Facsimile:  (505)766-9113
Email:  jeff@bzjustice.com
renni@bzjustice.com

*Attorneys for Plaintiff*

13

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paul Hunt

**DEFENDANTS**
Board of Regents of the University of New Mexico, Scott Carroll, M.D., Teresa A. Vigil, M.D., Paul Roth, M.D., John Doe and Jane Doe Members of Committee for Student Promotion and Evaluation

(b) County of Residence of First Listed Plaintiff    Bernalillo
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bernalillo
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey L. Baker    20 First Plaza, Suite 402 NW
Renni Zifferblatt    Albuquerque, NM 87102
Baker Law Firm    (505) 247-1855

Attorneys *(If Known)*
Walter J. Melendres    P.O. Box 2307
Carolyn A. Wolf    Santa Fe, NM 87504-2307
Montgomery & Andrews, P.A.    (505) 982-3873

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government   Plaintiff

☑ 3   Federal Question
   *(U.S. Government Not a Party)*

☐ 2   U.S. Government   Defendant

☐ 4   Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS
☒ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983 (Plaintiff)
Brief description of cause:
Plaintiff sues Defendants for violation of the First and Fourteenth Amendment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE       DOCKET NUMBER

DATE
04/08/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/ Carolyn A. Wolf

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.